Rene NAVARRO MURILLO; Patricia Hereida Navarro, Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73621.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 26, 2010.

Rene Navarro Murillo, Santa Barbara, CA, pro se.

Patricia Hereida Navarro, Santa Barbara, CA, pro se.

Jonathan Aaron Robbins, Esquire, Trial, OIL, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Rene Navarro Murillo and Patricia Hereida Navarro, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order de-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims, including ineffective assistance of counsel claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' March 31, 2008, motion to reopen for lack of prejudice. *See Iturribarria v. INS,* 321 F.3d 889, 899–90 (9th Cir.2003) (prejudice results when the performance of counsel "was so inadequate that it may have affected the outcome of the proceedings") (internal quotation marks omitted).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

The supplemental evidence petitioners presented with their motion concerned the same basic hardship grounds as their applications for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.